IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KISSA L. DOCKERY, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CIVIL ACTION |
| v. | : NO. |
| | : |
| MICHAEL E. FRANSKO, SR., | : |
| CITY OF VINELAND, CUMBERLAND | : |
| COUNTY, CUMBERLAND COUNTY | : |
| PROSECUTOR'S OFFICE, BOARD OF | : |
| COUNTY COMMISSIONERS OF | : |
| CUMBERLAND COUNTY, and JOHN | : |
| DOE NOS. 1-10 (Fictitious Names), | : |
| | : |
| Defendants. | : |

**COMPLAINT WITH JURY DEMAND**

Plaintiff Kissa L. Dockery files this Complaint against Defendants Michael E. Fransko, Sr., City of Vineland, Cumberland County, Cumberland County Prosecutor's Office, Board of County Commissioners of Cumberland County, and John Doe Nos. 1-10 (Fictitious Names), demanding judgment and damages under 42 U.S.C. § 1983 for malicious prosecution in violation of Plaintiff's Fourth Amendment rights.

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claim pursuant to 28 U.S.C. §§ 1331 and 1343.

**Venue**

2. A substantial part of the events giving rise to the claims set forth herein occurred in Vineland, Cumberland County, New Jersey. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the District of New Jersey.

1

## Parties

3. Plaintiff Kissa L. Dockery (hereinafter, "Ms. Dockery") is an adult individual, a citizen of the United States, and a resident of the State of New Jersey, domiciled in Trenton, Mercer County.

4. Defendant Michael E. Fransko, Sr. (hereinafter, "Fransko") is an adult individual and resident of the State of New Jersey with a business and/or residence address at 2430 Newcombtown Road, Millville, NJ 08332.

5. At all times relevant and material hereto, Defendant Fransko was an agent and employee of the City of Vineland, Cumberland County, and/or the Cumberland County Prosecutor's Office, assigned to and working as a law enforcement officer, police detective, and/or police officer within the Vineland Police Department and/or the Cumberland County Prosecutor's Office and acting under color of state law. He is named as a defendant in his individual capacity.

6. Defendant City of Vineland is a city in Cumberland County, New Jersey, governed by the mayor-council system under the Faulkner Act, N.J.S.A. 40:69A-1, *et seq.*, with a governing body comprised of a mayor and a five-member city council, and maintaining a business address at 640 East Wood Street, Vineland, NJ 08362.

7. The Vineland Police Department is a department or agency of Defendant City of Vineland, with Police Chief being its chief executive position and policymaker.

8. At all times relevant and material hereto, Defendant City of Vineland was an employer and principal of all individuals working within the Vineland Police Department, including but not limited to Defendant Fransko.

9. Defendant Cumberland County is a county in New Jersey, governed by a board of county commissioners and maintaining a business address at 164 West Broad Street, Bridgeton, NJ 08302.

10. Defendant Cumberland County Prosecutor's Office is a department of Cumberland County, with the Cumberland County Prosecutor being its chief executive and policymaker, maintaining a business address at 115 Vine Street, Bridgeton, NJ 08302.

11. Defendant Board of County Commissioners of Cumberland County is the governing board of Cumberland County, with the county commissioners being its chief executives and policymakers, maintaining a business address at 164 West Broad Street, Bridgeton, NJ 08302.

12. At all times relevant and material hereto, Defendant(s) Cumberland County, Cumberland County Prosecutor's Office, and/or Board of County Commissioners of Cumberland County were an employer and principal of Defendant Fransko.

13. Defendants, John Doe Nos. 1-10 are fictitious names used to designate as-of-yet unknown or unidentified individuals who are supervisors, detectives, officers, personnel, employees, policymakers, and/or agents of the City of Vineland, Cumberland County, the Cumberland County Prosecutor's Office, and/or the Board of County Commissioners of Cumberland County who committed, caused, and/or contributed to the below-described acts and omissions.

**Factual Background**

14. On January 14, 2020, Defendant Fransko filed a criminal complaint in the Vineland City Municipal Court (Complaint No. 0614-S-2020-00104), accusing Ms. Dockery of conspiring to commit theft by unlawful taking on or about March 1, 2019 in Vineland City, Cumberland County.

15. Specifically, Defendant Fransko accused Ms. Dockery of conspiring with two other individuals to use the bank routing and account numbers of an entity named Tri-County Security to make payments to numerous accounts, knowing that the account was fraudulently used and that the funds would be returned to the bank.

16. In support of the aforesaid accusations against Ms. Dockery, Defendant Fransko filed his affidavit of probable cause, swearing as follows: Ms. Dockery was given the bank routing and account numbers of the victim (Tri County Security) by her boyfriend Byron Jefferson. Investigation revealed by statements from Sherinna Bold that Ms. Dockery had given her the account information to use in return for cash spent using the information. Ms. Dockery's son Karem Dockery was also involved in this case.

17. In connection with the aforesaid accusations against Ms. Dockery, Defendant Fransko charged her with violating N.J.S.A. 2C:5-2A(1) (conspiracy, two counts), N.J.S.A. 2C:20-3A (theft), and N.J.S.A. 2C:21-5 (passing bad checks).

18. On June 4, 2020, the Cumberland County Prosecutor's Office filed a criminal complaint in the Millville Municipal Court (Complaint No. 0610-S-2020-00613), accusing Defendant Fransko of tax fraud and theft in connection with his February 2019 tax filing and his business of making shoe protectors for skateboards.

19. The aforesaid prosecution of Defendant Fransko continued for over four years, until December 2, 2024, at which time he pled guilty to three counts of theft by unlawful taking (N.J.S.A. 2C:20-3A) and one count of filing a fraudulent tax return (N.J.S.A. 54:52-10_

20. During the course of Defendant Fransko's prosecution, he was suspended and then terminated from his employment as a law enforcement officer.

21. During the course of Ms. Dockery's three-plus-year prosecution, no records, documents, or other evidence were produced to Ms. Dockery or her criminal defense counsel to support the statements in Defendant Fransko's affidavit of probable cause or his accusations that Ms. Dockery had committed criminal offenses.

22. During the course of Ms. Dockery's prosecution, the City of Vineland, the Vineland Police Department, and the Cumberland County Prosecutor's Office failed to timely or properly examine, evaluate, and/or re-evaluate the legitimacy, accuracy, or veracity of the charges against Ms. Dockery in light of the criminal charges of theft and fraud being contemporaneously prosecuted against Defendant Fransko.

23. On September 27, 2023, following a motion to dismiss filed by Ms. Dockery's criminal defense attorney, the charges against Ms. Dockery were dismissed and resolved in her favor.

24. Defendant Fransko's affidavit of probable cause against Ms. Dockery was false and lacked any evidentiary support.

25. The prosecution of Ms. Dockery was not supported by probable cause.

26. Ms. Dockery did not commit any offense nor engage in any conduct justifying the aforesaid charges or prosecution.

27. As a direct and proximate result of the aforesaid incident and Defendants' aforesaid and below-described acts and omissions, Ms. Dockery has sustained the following harms and damages:

    (a) Violations of her rights under the Fourth Amendment to the United States Constitution to be free from malicious prosecution;

    (b) Fear, anxiety, embarrassment, humiliation, and emotional distress, some or all of which may be permanent;

    (c) Confinement and loss of liberty;

    (d) Loss of employment and wages;

    (e) Loss of reputation; and

    (f) Legal expenses.

28. Defendants acted in concert and conspiracy and are jointly and severally responsible for all harms and damages directly and proximately caused to Ms. Dockery.

29. Defendants acted maliciously, willfully, wantonly, intentionally, and/or with deliberate indifference to Ms. Dockery's constitutional and statutory rights.

## FIRST CLAIM FOR RELIEF
### KISSA L. DOCKERY v. MICHAEL E. FRANSKO, SR.
*(42 U.S.C. § 1983 – Fourth Amendment – Malicious Prosecution)*

30. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

31. Defendant Fransko deprived Ms. Dockery of her right to be free from malicious prosecution, thus violating her rights as guaranteed by the Fourth Amendment to the United States Constitution.

32. Defendant Fransko initiated the aforesaid prosecution without probable cause and with malice, the prosecution caused Ms. Dockery to suffer a deprivation of her liberty, and the prosecution ended in her favor.

33. As a direct and proximate result of Defendant Fransko's aforesaid acts and omissions, Ms. Dockery has sustained the harms and damages set forth in ¶ 27, *supra*.

**SECOND CLAIM FOR RELIEF**
**KISSA L. DOCKERY v. CITY OF VINELAND**
*(42 U.S.C. § 1983 – Monell - Fourth Amendment – Malicious Prosecution)*

34. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

35. At all times relevant and material hereto, Defendant City of Vineland operated, administered, maintained, and controlled the Vineland Police Department and thus supervised and oversaw the work of law enforcement officers employed therein, including but not limited to Defendant Fransko.

36. Defendant City of Vineland deprived Ms. Dockery of her right to be free from malicious prosecution and thus violated her rights as guaranteed by the Fourth Amendment.

37. The aforesaid malicious prosecution of Ms. Dockery was the direct and proximate result of Defendant City of Vineland's failure to properly and/or sufficiently develop, formulate, establish, institute, oversee, and/or supervise the training, supervision, and discipline of individuals working within the Vineland Police Department with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud.

38. The aforesaid malicious prosecution of Ms. Dockery was the direct and proximate result of Defendant City of Vineland's failure to properly and/or sufficiently develop, formulate, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for the Vineland Police Department and individuals working therein with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and

accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud.

39. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant City of Vineland has a duty under the Fourth Amendment to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that a citizen's right to be free from malicious prosecution would be violated by the Vineland Police Department and the law enforcement personnel working therein.

40. Specifically, Defendant City of Vineland engaged in the following unconstitutional conduct:

(a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline police personnel within the Vineland Police Department, including but not limited to Defendant Fransko, with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

(b) With knowledge of and deliberate indifference to the risks involved, failing to formulate, adopt, and/or institute adequate or sufficient policies, procedures, directives, practices, and customs for police personnel in the Vineland Police Department, including

but not limited to Defendant Fransko, with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

(c) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for police personnel within the Vineland Police Department, including but not limited to Defendant Fransko, that created a substantial likelihood that City of Vineland police officers, acting under color of state law, would file false charges and not be subjected to scrutiny with regard to the legitimacy, accuracy, and veracity of filed charges, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

41. As a direct and proximate result of Defendant City of Vineland's aforesaid acts and omissions, Ms. Dockery has sustained the harms and damages set forth in ¶ 27, *supra*.

### THIRD CLAIM FOR RELIEF
### KISSA L. DOCKERY v. CUMBERLAND COUNTY
*(42 U.S.C. § 1983 – Monell - Fourth Amendment – Malicious Prosecution)*

42. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

43. At all times relevant and material hereto, Defendant Cumberland County operated, administered, maintained, and controlled the Cumberland Couty Prosecutor's Office and thus

9

supervised and oversaw the work of law enforcement officers, detectives, and prosecutors employed therein, including but not limited to Defendant Fransko.

44. Defendant Cumberland County deprived Ms. Dockery of her right to be free from malicious prosecution and thus violated her rights as guaranteed by the Fourth Amendment.

45. The aforesaid malicious prosecution of Ms. Dockery was the direct and proximate result of Defendant Cumberland County's failure to properly and/or sufficiently develop, formulate, establish, institute, oversee, and/or supervise the training, supervision, and discipline of individuals working within the Cumberland County Prosecutor's Office with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud.

46. The aforesaid malicious prosecution of Ms. Dockery was the direct and proximate result of Defendant Cumberland County's failure to properly and/or sufficiently develop, formulate, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for the Cumberland County Prosecutor's Office and individuals working therein with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud.

47. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant Cumberland County has a duty under the Fourth Amendment to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or

customs that create a substantial likelihood that a citizen's right to be free from malicious prosecution would be violated by the Cumberland County Prosecutor's Office and the individuals working therein.

48. Specifically, Defendant Cumberland County engaged in the following unconstitutional conduct:

(a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline personnel within the Cumberland County Prosecutor's Office, including but not limited to Defendant Fransko, with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

(b) With knowledge of and deliberate indifference to the risks involved, failing to formulate, adopt, and/or institute adequate or sufficient policies, procedures, directives, practices, and customs for personnel in the Cumberland County Prosecutor's Office, including but not limited to Defendant Fransko, with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud, thereby directly and proximately causing the filing of false

charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

(c) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for personnel within the Cumberland County Prosecutor's Office, including but not limited to Defendant Fransko, that created a substantial likelihood that law enforcement officers and/or detectives, acting under color of state law, would file false charges and not be subjected to scrutiny with regard to the legitimacy, accuracy, and veracity of filed charges, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

49. As a direct and proximate result of Defendant Cumberland County's aforesaid acts and omissions, Ms. Dockery has sustained the harms and damages set forth in ¶ 27, *supra*.

## FOURTH CLAIM FOR RELIEF
### KISSA L. DOCKERY v. CUMBERLAND COUNTY PROSECUTOR'S OFFICE
*(42 U.S.C. § 1983 – Monell - Fourth Amendment – Malicious Prosecution)*

50. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

51. Defendant Cumberland County Prosecutor's Office deprived Ms. Dockery of her right to be free from malicious prosecution and thus violated her rights as guaranteed by the Fourth Amendment.

52. The aforesaid malicious prosecution of Ms. Dockery was the direct and proximate result of Defendant Cumberland County Prosecutor's Office's failure to properly and/or sufficiently develop, formulate, establish, institute, oversee, and/or supervise the training,

supervision, and discipline of individuals working within the prosecutor's office with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud.

53. The aforesaid malicious prosecution of Ms. Dockery was the direct and proximate result of Defendant Cumberland County Prosecutor's Office's failure to properly and/or sufficiently develop, formulate, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for the prosecutor's office and individuals working therein with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud.

54. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant Cumberland County Prosecutor's Office has a duty under the Fourth Amendment to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that a citizen's right to be free from malicious prosecution would be violated by the prosecutor's office and the individuals working therein.

55. Specifically, Defendant Cumberland County Prosecutor's Office engaged in the following unconstitutional conduct:

    (a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline personnel within the prosecutor's

office, including but not limited to Defendant Fransko, with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

(b) With knowledge of and deliberate indifference to the risks involved, failing to formulate, adopt, and/or institute adequate or sufficient policies, procedures, directives, practices, and customs for personnel in the prosecutor's office, including but not limited to Defendant Fransko, with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

(c) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for personnel within the prosecutor's office, including but not limited to Defendant Fransko, that created a substantial likelihood that law enforcement officers and/or detectives, acting under color of state law, would file false charges and not be subjected to scrutiny with regard to the legitimacy, accuracy, and veracity of filed charges, thereby directly and proximately causing the

filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

56. As a direct and proximate result of Defendant Cumberland County Prosecutor's Office's aforesaid acts and omissions, Ms. Dockery has sustained the harms and damages set forth in ¶ 27, *supra*.

**FIFTH CLAIM FOR RELIEF**
**KISSA L. DOCKERY v. BOARD OF COUNTY COMMISSIONERS**
**OF CUMBERLAND COUNTY**
*(42 U.S.C. § 1983 – Monell - Fourth Amendment – Malicious Prosecution)*

57. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

58. At all times relevant and material hereto, Defendant Board of County Commissioners of Cumberland County operated, administered, maintained, and controlled the Cumberland Couty Prosecutor's Office and thus supervised and oversaw the work of law enforcement officers, detectives, and prosecutors employed therein, including but not limited to Defendant Fransko.

59. Defendant Board of County Commissioners of Cumberland County deprived Ms. Dockery of her right to be free from malicious prosecution and thus violated her rights as guaranteed by the Fourth Amendment.

60. The aforesaid malicious prosecution of Ms. Dockery was the direct and proximate result of Defendant Board of County Commissioners of Cumberland County's failure to properly and/or sufficiently develop, formulate, establish, institute, oversee, and/or supervise the training, supervision, and discipline of individuals working within the Cumberland County Prosecutor's Office with regard to filing criminal charges, ensuring that filed criminal charges are based on

actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud.

61. The aforesaid malicious prosecution of Ms. Dockery was the direct and proximate result of Defendant Board of County Commissioners of Cumberland County's failure to properly and/or sufficiently develop, formulate, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for the Cumberland County Prosecutor's Office and individuals working therein with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud.

62. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant Board of County Commissioners of Cumberland County has a duty under the Fourth Amendment to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that a citizen's right to be free from malicious prosecution would be violated by the Cumberland County Prosecutor's Office and the individuals working therein.

63. Specifically, Defendant Board of County Commissioners of Cumberland County engaged in the following unconstitutional conduct:

(a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline personnel within the Cumberland County Prosecutor's Office, including but not limited to Defendant Fransko, with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and

accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

(b) With knowledge of and deliberate indifference to the risks involved, failing to formulate, adopt, and/or institute adequate or sufficient policies, procedures, directives, practices, and customs for personnel in the Cumberland County Prosecutor's Office, including but not limited to Defendant Fransko, with regard to filing criminal charges, ensuring that filed criminal charges are based on actual and accurate facts and information, and examining, evaluating, and/or re-evaluating the legitimacy, accuracy, and veracity of criminal charges filed by a law enforcement officer who is under indictment for theft and fraud, thereby directly and proximately causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

(c) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for personnel within the Cumberland County Prosecutor's Office, including but not limited to Defendant Fransko, that created a substantial likelihood that law enforcement officers and/or detectives, acting under color of state law, would file false charges and not be subjected to scrutiny with regard to the legitimacy, accuracy, and veracity of filed charges, thereby directly and proximately

causing the filing of false charges against Ms. Dockery and unreasonably delaying the ultimate dismissal of those false charges.

64. As a direct and proximate result of Defendant Board of County Commissioners of Cumberland County's aforesaid acts and omissions, Ms. Dockery has sustained the harms and damages set forth in ¶ 27, *supra*.

## REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a) This court's declaration that Defendants' acts and omissions violated Plaintiff's Fourth Amendment rights;

(b) Compensatory damages;

(c) Punitive damages (individual defendants only);

(d) Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

(e) Such other and further relief as the court deems reasonable and just.

Plaintiff demands a jury trial of all issues triable by a jury.

DATE: September 25, 2025

s/ Richard M. Wiener
Richard M. Wiener, Esquire
NJ Attorney I.D. No. 016241990
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
Ph: (610) 832-8050
Fx: (610) 487-0300
Email: rwiener@wienerlegal.com
*Attorney for Plaintiff*